ABNER PODRAT *vs.* IDA FRANK, *Ex'x.*

AUGUST 4, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This is a petition under general laws 1938, chapter 535, §6, for leave to file out of time an appeal from the probate of a will on the ground that through accident, mistake or unforeseen cause such appeal was not prosecuted within the period provided by statute.

The petition is brought by Abner Podrat of Los Angeles, California, who is a nephew of William Podrat, late of Narragansett, Rhode Island, hereinafter called the testator. The record is made up of the petition and three groups of affidavits as follows: (1) affidavits of the petitioner, his attorney, a niece of the testator and her husband, and also another attorney for certain other heirs or next of kin, in support of the petition; (2) affidavits of the respondent, her husband, daughter, son, and sister; and (3) affidavits of two grandnephews of the testator. These last two groups are filed in opposition to the instant petition.

From the record and undisputed argument the following facts appear. William Podrat, the testator, died at Narragansett, Rhode Island, March 27, 1948 at the age of eighty-two years. He left nine nieces and nephews and five grandnieces and grandnephews as his heirs and next of kin. A petition for administration upon his estate was filed March 29, 1948 by Samuel Podrat, father of Daniel and Bernard Podrat, two of the affiants who oppose this petition, and fifteen days later an instrument executed October 18, 1947 purporting to be the last will of William Podrat was filed for probate. This instrument, after a hearing in the probate court in the town of Narragansett, was allowed for probate on May 17, 1948, and Ida Frank, the respondent here and sole beneficiary under the will, was appointed executrix.

On the same day Albert Kirsh a grandnephew, who alone had appeared at the hearing to oppose the probate of the will, claimed an appeal therefrom, and through his attorney duly filed his reasons of appeal on the ground that decedent was not of sound mind; that the execution of the will was induced through the exercise of undue influence; and that it was not the last will and testament of William Podrat. While that appeal was pending in the superior court for Washington county an appearance was entered therein by Martin M. Zucker, an attorney, representing Charles Podrat, Stella Moskowitz and Bertha Zura, three of the testator's heirs, who thereby attempted to intervene and join the appellant in contesting the will.

On August 23, 1948, however, after the statutory period for taking an appeal had expired, Albert Kirsh, the actual appellant, accompanied by Daniel Podrat, one of the affiants who supports the respondent's position, instructed his attorney to discontinue the pending appeal from the probate of the will. That attorney promptly notified Mr. Zucker who thereupon on August 24, 1948 filed, and served upon the attorneys for the executrix and appellant respectively, a motion asking leave of the court, as provided

by G. L. 1938, chap. 573, §2, to enter his appearance and to permit his three clients to intervene in the appeal of Albert Kirsh.

On August 27, 1948, three days after the filing and service of such motion, the respondent's attorney entered an appearance in behalf of the executrix in order to oppose this motion. On the same day, however, another stipulation, signed by the attorneys respectively for the executrix and the appellant Kirsh, was filed in the superior court, thereby discontinuing the latter's appeal. The motion for leave to enter appearance and to intervene in the appeal was assigned for hearing to September 20, 1948 and was then argued in the superior court. While decision thereon had not been handed down when the instant petition was filed in this court we are informed that such motion now has been granted.

So far as this petition is concerned, Abner Podrat resided in California for many years, and has made affidavit that he did not know of the death of the testator, or of the filing of his will and its probate, or the contents thereof until his trip to the east coast on September 26, 1948, which was after the expiration of the statutory period within which he might have appealed from the probate of the will. Within less than a week after receiving such notice, he engaged an attorney to prosecute the instant petition.

Petitioner specifically denies the allegations contained in the affidavits of Daniel and Bernard Podrat to the effect that he was informed by one of them of the testator's death within three weeks of its happening; that he acknowledged he had received, before the expiration of the statutory period, a letter from Bernard informing him of the testator's death and the contents of the will and asking for a power of attorney in order to contest it; or that after such period on his visit east he had acknowledged before them or the executrix that he previously had heard these facts within the statutory period and yet had failed to answer the letter of Bernard or to do anything to protect his rights.

In addition there appears in one affidavit certain information that Daniel Podrat, who now supports the respondent's position, had petitioned for guardianship of the person and estate of the testator on September 12, 1947, a month or more before the will was executed; that on that petition a temporary guardian was first appointed and thereafter two permanent guardians were appointed; and that the appeal from such appointment was pending in the superior court at the time of the testator's death.

It also appears that to obtain the withdrawal of the appeal from the probate of the will the executrix has paid $1000 to Albert Kirsh, the original appellant; $2000 to Samuel Podrat, father of Bernard and Daniel Podrat, upon whom the executrix largely relies to establish notice to the petitioner of the testator's death; and $2000 to Louis Podrat, a brother of Samuel Podrat. It further appears that the respondent's affidavits confirm the petitioner's statement that his trip to the east coast was not made because of or in connection with the estate, but rather for the purpose of contracting a new marriage.

The respondent, her husband, daughter, son, and sister, by similarly worded affidavits, assert that the petitioner at the home of Mrs. Boxer, the daughter of the respondent, admitted that he knew the testator had died leaving a will in which everything was devised to the respondent executrix, and that he agreed it was a proper disposition. It should be noted here that this meeting took place after the expiration of the statutory period within which petitioner could have appealed from the decree of the probate court; that although petitioner admits attending the meeting he categorically denies the allegations as to his supposed admissions thereat; and that although the respondent alleges that petitioner then confirmed his previously expressed satisfaction with her appointment and the disposition as made in the will, he nevertheless immediately engaged an attorney to prosecute an appeal, if possible, from the allowance of the will.

There is no controversy as to the law governing the case. Under chap. 535, §6, it is necessary for the petitioner to establish accident, mistake or unforeseen cause in order to warrant the granting of a petition to file a probate appeal out of time. *Needle* v. *Cohen,* 61 R. I. 84; *Jordan* v. *Rhode Island Hospital Trust Co.,* 54 R. I. 352. Such accident, mistake or unforeseen cause must be one of fact and not a mere mistake of law or negligence of a petitioner or his attorney. *Cook* v. *Greenlaw,* 58 R. I. 402; *Horton* v. *Rhode Island Hospital Trust Co.,* 53 R. I. 59; *Bolster* v. *Bolster,* 35 R. I. 367. Each case must be decided upon its own facts to determine whether such cause has been shown and whether justice demands that the petitioner be afforded the right to claim an appeal out of time from a decree allowing a will for probate. *Kassar* v. *Ambaragocy,* 69 R. I. 414.

In the instant case the affidavits are in sharp conflict on certain vital matters. If the affidavits of the respondent are believed *in toto,* then the petitioner had knowledge or notice of the testator's death and of the terms and probate of his will in time to file an appeal under the statute. On that basis he would not have sustained the burden of showing an accident, mistake or unforeseen cause sufficient to warrant the granting of relief under this statute.

However, an examination of the affidavits and a consideration of the interest and conduct of the parties, the interest and conduct of certain affiants who now join the respondent's effort to avoid any attempted claim of appeal, although the motion of others to intervene had been filed and served before the appeal was actually withdrawn, throw a considerable cloud upon the weight to be given parts of the affidavits for the respondent. While they assert that the petitioner admitted he had timely information of the testator's death and that he previously agreed with the disposition in the will and her appointment as executrix, the undisputed evidence of the petitioner's conduct following these alleged admissions in immediately engaging an

attorney to prosecute an appeal is more consistent with the substance of his affidavit.

The respondent executrix, who knew or could have ascertained from Bernard the petitioner's address, never listed in her petition for probate of the will any street address in the large city of Los Angeles so that the court effectively might have sent the petitioner a copy of the citation through the mail; and never directly notified the petitioner of the existence of the will, its contents, or of any probate proceedings within the period when an appeal could be taken. In that connection it is to be noted that Bernard and Daniel Podrat, who now support the respondent's position as to petitioner's notice of the testator's death and will, apparently had participated in the earlier petition for the appointment of a guardian on the ground that the testator lacked testamentary capacity before the will was executed; that their father Samuel Podrat had received $2000 from the executrix upon the discontinuance of the appeal; and that Daniel previously had offered to aid the petitioner in claiming an appeal if the latter would pay him $1000, which the petitioner refused to do.

In this general connection two other facts should be noted. First, the affidavits show that the respondent executrix had a criminal record in a matter showing an avaricious disposition in relation to money and property. That factor is pertinent in passing upon her credibility in connection with her efforts to shut off a contest of the will under which she, as sole beneficiary, would obtain some $35,000 to $40,000 or more in realty and cash. Secondly, she paid substantial sums of money to the original appellant and to other next of kin, who now support her position, in order to compromise certain claims and to obtain a withdrawal of the appeal. In our judgment such payments have some bearing on the weight to be given certain of the affidavits for respondent.

Since the petitioner now seeks only to have an opportunity to litigate the validity of a will that apparently was

seriously disputed by some of those who now oppose this petition, and since no inventory has been filed or other proceeding taken in the administration of the estate which would prejudice the respondent or any other heirs or claimants if an appeal were now permitted to be filed, and since the motion of other heirs to intervene was filed and served while the original appeal was pending in the superior court, we are of the opinion that in all the existing circumstances the petitioner has shown sufficient cause to justify a conclusion that justice will be better served if he also is permitted to file and litigate his appeal.

The prayer of the petition for relief is granted on condition that the petitioner file in the probate court of the town of Narragansett, within forty days of the date of the filing of this opinion, his claim of appeal from the probate decree in question, and thereafter that such appeal be prosecuted according to law.

*William H. Leslie, Jr.,* for petitioner.

*Thomas H. Gardiner, Isadore S. Horenstein,* for respondent.

*Martin M. Zucker, amicus curiae.*